**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO SORIA-CASTILLEJO, | No.   20-71089 |
| Petitioner, | Agency No. A200-284-145 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Armando Soria-Castillejo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

As to asylum and withholding of removal, the IJ determined that Soria-Castillejo failed to establish that the harm he experienced or fears was or would be on account of any protected ground, and the BIA adopted and affirmed that determination, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (where the BIA adopts and affirms the IJ's decision, citing *Matter of Burbano*, the court "look[s] through the BIA's decision and treat[s] the IJ's decision as the final agency decision" for purposes of the appeal). Substantial evidence supports the IJ's determination. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("[S]ince the statute makes motive critical, [an applicant] must provide *some* evidence of it, direct or circumstantial."); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1032-33 (9th Cir. 2014) (record did not compel the conclusion that the petitioner was persecuted on account of a protected ground). Thus, Soria-Castillejo's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because

Soria-Castillejo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also* 8 C.F.R. § 208.16(c)(3) (setting out evidence that may be relevant to the possibility of future torture). We reject as unsupported by the record Soria-Castillejo's contentions that the agency applied an incorrect standard or otherwise erred in its CAT analysis.

The BIA did not err in concluding the IJ did not violate Soria-Castillejo's right to due process. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**